IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RECOVERY LOGISTICS, INC.
a/k/a RLI SERVICES                                                          PLAINTIFF

v.                                    Case No. 2:23-cv-2081

CM HEAVY MACHINERY, LLC                                          DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment.  ECF No. 12.  The Court finds

that this matter is ripe for consideration.

In its complaint, Plaintiff alleges a breach of contract claim against Defendant.  ECF No.

3.  On July 11, 2023, Plaintiff served its complaint and summons on Defendant's registered agent.

ECF No. 8.   Defendant did not file an answer, and on August 7, 2023, the Clerk of Court entered

default as to Defendant, who to date has not answered or otherwise responded to the complaint.

Plaintiff's Motion for Default Judgment seeks a sum certain of $106,432.00 from Defendant, an

amount which includes an award of attorney's fees.  Plaintiff also moves the Court to award pre-

judgment and post-judgment interest accruing as provided by law until paid in full.

**A. Default Judgment**

A district court may enter a default judgment when a party fails to appropriately respond

in a timely manner.  *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119

(8th Cir. 1997).  If the court determines that a defendant is in default, the court shall take as true

factual allegations of the complaint, except those relating to the amount of damages.  *Everyday*

*Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  However, the court must ensure that

"the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment.

*Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

The unchallenged facts of this case are that in January 2022, Defendant engaged Plaintiff to perform broker transportation services for Defendant to transport goods to several destinations. Plaintiff provided the agreed upon services as provided under the contract, with service costs totaling $97,850.00.  The total amount that remains owing under the contract is $97,850.00.

After reading the pleadings and the papers on file, the Court finds that Plaintiff has alleged sufficient facts to support a legitimate cause of action against Defendant for breach of contract. Now the Court will turn to damages.  Plaintiff asks that the Court enter default judgment on a sum certain and pre-judgment and post-judgment interest.  These amounts are all ascertainable from Plaintiff's evidence, and thus an evidentiary hearing on damages is not necessary.  *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988).

**B.  Sum Certain**

After determining that a default judgment should be entered, the Court must determine the amount and character of the recovery.  Fed. R. Civ. P. 55(b)(2)(B).  In this case, Plaintiff seeks a sum certain from Defendant in the amount of $106,432.00 plus pre-judgment and post-judgment interest.  This amount represents $97,850.00 in unpaid invoices owed to Plaintiff by Defendant, attorney's fees in the amount of $8,025.00, a filing fee of $402.00, and a process server's fee in the amount of $155.00.

Plaintiff has provided a statement of open account balance as of June 14, 2023, that shows Defendant owes Plaintiff $97,850.00 for unpaid invoices.  ECF Nos. 3-3 and 3-6.  The Court is convinced that Defendant owes this amount to Plaintiff, and the Court will award Plaintiff $97,850.00 in connection with the unpaid invoices.

### C.  Costs

Courts should award costs other than attorney's fees to the prevailing party in a lawsuit unless a statute or court directs otherwise.  Fed. R. Civ. P. 54(d)(1).  Plaintiff states that it has incurred the following costs in connection with the present lawsuit:  (1) filing fee in the amount of $402.00; and (2) process server fees in the amount of $155.00.  Courts should award costs other than attorney's fees to the prevailing party in a lawsuit unless a statute or court directs otherwise.  Fed. R. Civ. P. 54(d)(1).  "Costs" are defined by 28 U.S.C. § 1920, which sets forth the categories of trial expenses awardable to a prevailing party under Rule 54(d).  "Costs" include fees paid to the Clerk of Court and Marshal.  28 U.S.C. § 1920(1).  "A filing fee is a 'fee of the clerk' which is typically allowed as part of costs under Section 1920."  *Wheeler v. Carlton*, No. 3:06-cv-0068-GTE, 2007 WL 1020481, at *3 (E.D. Ark. Apr. 2, 2007) (quoting *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989)).  Accordingly, the Court will award Plaintiff, the prevailing party in this case once default judgment is entered, $402.00 in costs related to this case's filing fee.

The Court now turns to Plaintiff's request for $155.00 in connection with service of process in this case.  With regard to private process servers, the statute does not provide for the taxation of fees of private process servers, rather it provides only for the fees of the "Clerk and Marshal."  28 U.S.C. § 1920(1).  Applying the statute as written, the Court finds that the fee for the expense of a private process server cannot be taxed as costs.  *See Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir. 1985) (28 U.S.C. § 1920 contains no provision for the use of special process servers, thus such costs are non-taxable).  Thus, the Court declines to award Plaintiff $155.00 in costs related to process server fees.

### D.  Attorney's Fees

Plaintiff asks the Court for an award of $8,025.00 in attorney's fees in connection with this lawsuit.  "In a diversity case, state law generally governs the question whether there is a right to attorney's fees."  *Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005).  Arkansas is the forum, so the Court applies the Arkansas choice-of-law rules in determining which state law governs the issue.  *Id.*  Arkansas's law relating to attorney's fees applies "where Arkansas is the forum, even where the law of another State governs substantive issues," such as the interpretation of a contract.  *Id.*  Unless otherwise barred by law or contract, Arkansas allows the recovery of reasonable attorney's fees and costs "[i]n any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract."  Ark. Code Ann. § 16-22-308.  This breach-of-contract case involves Plaintiff's attempts to recover on an open account, and thus Plaintiff may recover reasonable attorney's fees incurred in collecting Defendant's unpaid balance.

The burden of proving reasonable attorney's fees rests with the fee applicant.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In determining the reasonableness of an attorney's fee award, a "district court [is] required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations."  *Jones v. RK Enters. of Blytheville, Inc.*, 632 Fed. App'x. 306, 307 (8th Cir. 2016) (citing *Hensley*, 461 U.S. at 433-34).  A "reasonable" hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated.  *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).  The United States Supreme Court has set forth twelve factors to be considered when making a lodestar

determination:  (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Hensley*, 461 U.S. at 430 n.3.  After determining the lodestar amount, the Court must then "consider whether other factors not considered in arriving at the lodestar amount suggest upward or downward adjustment to arrive at the appropriate fee award."  *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, No. 2:00-cv-2031-RTD, 2006 WL 1445719, at *1 (W.D. Ark. May 22, 2006) (citing *Hensley*, 461 U.S. at 434).

Here, Plaintiff has not offered any evidence in support of its request for attorney's fees, such as a billing sheet reflecting the amount of work done by counsel or an affidavit that contains this information.  Thus, the Court cannot determine whether the requested amount for attorney's fees is appropriate.  If Plaintiff wishes to pursue an award of attorney's fees, it shall file a separate motion requesting such.  The motion should be accompanied by supporting evidence.

### III. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Motion for Default Judgment should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.  Judgment will be entered in favor of Plaintiff against Defendant in the amount of $97,850.00 for unpaid invoices Defendant owes to Plaintiff.  The Court also awards Plaintiff costs in the amount of $402.00.  The Court awards pre-judgment interest at the rate of 2.25% per annum from the time of loss until judgment.  The Court awards post-judgment interest at the highest rate allowed by law from the

date judgment is entered until paid.  The Court declines to award Plaintiff $155.00 in costs related to process server fees.  If Plaintiff wishes to pursue an award of attorney's fees, he must do so by separate motion in accordance with Federal Rule of Civil Procedure 54(d)(2).  Judgment will be entered separately.

       **IT IS SO ORDERED**, this 22nd day of March, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge